IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL ABENTH,

Plaintiff,

No. 2:11-cv-0391 MCE EFB P

vs.

TERRI WEINHOLDT, et al.,

Defendants.

ORDER AND
FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On June 23, 2011, the court found that for the limited purposes of 28 U.S.C. § 1915A screening, plaintiff's complaint stated potentially cognizable claims that defendants Grewal, Weinholdt and Walker were deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment. Defendants Walker and Weinholdt ("defendants") now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated below, the court recommends that defendants' motion be granted.

**I. Rule 12(b)(6) Standards**

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must

contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

**II. Eighth Amendment Claims Based on Deliberate Indifference to Medical Needs**

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's

necessities with a “sufficiently culpable state of mind.” *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual’s daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces “a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.” *Id.* at 847. “[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.” *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate’s Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment’s prohibition of cruel and unusual punishment. In asserting the latter, “[m]ere ‘indifference,’ ‘negligence,’ or ‘medical malpractice’ will not support this cause of action.” *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th

Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

**III. Plaintiff's Allegations**

In the complaint, plaintiff alleges he suffers from a painful condition called oral lichen planus. Dckt. No. 1 ¶¶ 4, 7, 12. He claims he cannot eat his meals in the little amount of time permitted in the chow hall, and must therefore be fed in his cell. *Id.* ¶¶ 5, 9, 11, 12. Plaintiff claims that doctors issued orders allowing him to be fed in his cell, and after those orders expired, he filed a health care appeal requesting that those orders be renewed. *Id.* ¶ 14.

Plaintiff's only allegation against defendant Weinholdt is that he denied plaintiff's appeal on the ground that the DAR committee had determined that cell feeding was not medically necessary, but would reconsider the request if plaintiff began to lose weight. *Id.* ¶ 16.

Plaintiff's only allegation against defendant Walker is that Walker denied plaintiff's appeal at the Director's level "because Plaintiff was not losing weight." *Id.*

Plaintiff claims that even though he cannot eat the meals in the chow hall, he has not lost weight because he is forced to eat fattening ramen noodle soups in his cell. *Id.* ¶ 17. Plaintiff alleges that he lives "a nightmare life of pain with mental suffering, knowing [his] poor diet is making [his] erosive lichen planus worse." *Id.* ¶ 18.

**IV. Discussion**

Defendants argue that plaintiff fails to state an Eighth Amendment claim against them because plaintiff's allegations are limited to the roles they played in processing plaintiff's administrative appeal. Defendants contend that their alleged denial of plaintiff's administrative appeal is insufficient to state a claim under section 1983. In his opposition, plaintiff contends that he made defendants aware of his medical needs through the grievance process and that they

////

////

demonstrated deliberate indifference when they denied plaintiff's requested relief.[1] In their reply brief, defendants restate their argument that plaintiff fails to state a claim against them, and point out that plaintiff's allegations do not show that either of them were involved in the decision to terminate, or to not renew, the doctors' orders to feed plaintiff in his cell.

Here, the allegations against defendants Weinholdt and Walker fail to sufficiently allege deliberate indifference. There are no allegations that either Weinholdt or Walker is a medical professional. Their only alleged involvement in plaintiff's medical care was to review plaintiff's appeal. In doing do, each defendant apparently deferred to the opinion of the DAR committee, which determined that it was not medically necessary for plaintiff to be fed in his cell. Based on the allegations of the complaint, defendants' roles were limited to processing plaintiff's administrative appeal, and neither is alleged to have made any medical decisions, including the decision to not renew the orders for plaintiff to be fed in his cell. These allegations fail to show that either defendant possessed a sufficiently culpable state of mind for an Eighth Amendment deliberate indifference claim. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."). Moreover, there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Accordingly, defendants' motion to dismiss must be granted.

////

[1] Plaintiff also asks that defense counsel be sanctioned pursuant to 28 U.S.C. § 1927 because she previously filed a similar motion to dismiss in another case, and that motion was denied. As discussed *infra*, plaintiff's request for sanctions is denied.

Although the deficiencies in plaintiff's claims against Weinholdt and Walker likely cannot be cured by amendment, the court will recommend that plaintiff's claims against Weinholdt and Walker be dismissed with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford *pro se* litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to amend his complaint to attempt to state a cognizable claim against defendants Weinholdt and Walker, he must re-write or retype it so that it is complete in itself without reference to the original complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

In light of the recommendation herein to grant defendants' motion to dismiss, the court must also deny plaintiff's request to sanction defense counsel for bringing the instant motion. *See Thomas v. Girardi*, 611 F.3d 1027, 1060-61 (9th Cir. 2010) ("To be sanctionable under § 1927, . . . counsel's conduct must multiply the proceedings in both an 'unreasonable and vexatious manner.'").

**IV. Conclusion**

Accordingly, it is hereby ORDERED that plaintiff's December 12, 2011 request for sanctions is denied and the Clerk of the Court shall terminate docket number 24.

Further, it is hereby RECOMMENDED that:

1. Defendants' November 28, 2011 motion to dismiss (Dckt. No. 18) be granted, and this action shall proceed solely on the Eighth Amendment claim against defendant Grewal unless plaintiff corrects the deficiencies identified herein in an amended complaint; and

////

////

2. Plaintiff be granted leave to file an amended complaint as provided herein, no later than 21 days after the date of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 12, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE