UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL ABENTH,<br><br>     Plaintiff,<br><br>     v.<br><br>TERRI WEINHOLDT, et al.,<br><br>     Defendants. | No. 2:11-cv-391-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant Grewal, the sole remaining defendant in this action, moves for summary judgment.[1] ECF No. 30. For the reasons provided below, defendant's motion must be granted.

**I.   Background**

Plaintiff suffers from a painful condition called oral lichen planus. ECF No. 1 ("Compl.") ¶¶ 4, 7, 12; Def.'s Mot. for Summ. J., ECF No. 30-1, Ex. B ("Grewal Decl."), Ex. H.[2] He claims he cannot eat his meals in the little amount of time permitted in the chow hall, and must therefore be fed in his cell. Compl. ¶¶ 5, 9, 11, 12. Dr. Grewal was a dentist at Mule Creek State Prison, where plaintiff was confined. Grewal Decl. ¶ 2.

---

[1] Defendants Quattlebaum, Walker, and Weinholdt have been dismissed. ECF Nos. 5, 26.

[2] Plaintiff's complaint is signed under penalty of perjury.

1

1   On May 9, 2008, Dr. Grewal saw plaintiff for an examination. *Id.* ¶ 6, Ex. D. Based upon his findings, including a preliminary diagnosis of 1) oral cancidiasis, 2) cancidal leukeoplakia, or 3) idiopathic lichen planus, Dr. Grewal issued plaintiff a cell feed chrono. *Id.*; Compl. ¶ 5. Grewal subsequently renewed plaintiff's cell feed chrono on September 5, 2008, December 2, 2008, April 30, 2009, and June 17, 2009. Grewal Decl. ¶¶ 17, 21, 24, Exs. J, N, P, R; Compl. ¶¶ 11-12; ECF No. 30-1. Ex. A ("Pl.'s Dep.") at 14:17-15:1.

Plaintiff claims that in September 2009, the medical department ended his cell feeding. Compl. ¶ 13. He states that on September 16, 2009, he saw Dr. Grewal in the clinic hallway and asked him if he was going to renew his cell feed chrono. *Id.* According to plaintiff, Dr. Grewal would not give him an answer. *Id.* ¶ 14.

On September 21, 2009, plaintiff filed a health care appeal requesting that his cell feed chrono be renewed. *Id.* In response to his appeal, plaintiff was seen by Dr. Machida. *Id.* ¶ 15. Dr. Machida referred plaintiff's request for an extension of the cell feed chrono to the Dental Authorization Review ("DAR") Committee. Grewal Decl. ¶ 24; Ex. U. Apparently, beginning in the fall of 2009, the medical staff at Mule Creek State Prison began reviewing all medical chronos to ensure that inmates were not abusing the system. *Id.* ¶ 25. As part of the review process, cell feed chronos were reviewed by the DAR Committee. *Id.* Dr. Grewal was not on the DAR Committee. *Id.* ¶ 29.

On November 3, 2009, Dr. Machida informed plaintiff that the DAR Committee had denied his request for an extended cell feed. Grewal Decl. ¶¶ 35-36; Ex. Y. The DAR Committee concluded that plaintiff's lack of weight loss demonstrated that the cell feed chrono was not medically necessary. *Id.*; Compl. ¶¶ 15-16. According to plaintiff, he did not lose weight because he was forced to eat "fattening" ramen noodles in his cell. Compl. ¶ 17. He claims he was living "a nightmare life of pain with mental suffering, knowing [his] poor diet [was] making [his] erosive lichen planus worse." *Id.* ¶ 18. Plaintiff's cell feed chrono was ultimately approved by the DAR Committee, and his cell feeding had resumed as of July 2011. Grewal Decl. ¶ 39, Ex. BB.

/////

Plaintiff claims that Dr. Grewal was deliberately indifferent to his medical needs in violation of the Eighth Amendment by failing to renew his cell feed chrono. *See generally* Compl. Dr. Grewal now moves for summary judgment.[3] ECF No. 30.

## II.   Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

---

[3] Dr. Grewal's motion also addresses plaintiff's claim "that Dr. Grewal violated his Eighth Amendment rights by . . . making ill-fitting dentures." ECF No. 30 at 1. The complaint, however, does not include those allegations, and defendant's argument as to that "claim" is not addressed.

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on

the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

Defendant's motion for summary judgment included a notice to plaintiff informing him of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

/////

/////

### III.     Discussion

To succeed on an Eighth Amendment claim predicated on inadequate medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Here, there is no genuine dispute as to whether Dr. Grewal acted with deliberate indifference toward plaintiff's serious medical needs. The undisputed evidence shows that Dr. Grewal issued plaintiff a three-month cell feed chrono on May 9, 2008, and that he subsequently renewed the chrono on September 5, 2008, December 2, 2008, April 30, 2009, and June 17, 2009. Plaintiff alleges that Dr. Grewal ignored his request to renew the chrono when he saw Dr. Grewal in the clinic hallway on September 16, 2009. Plaintiff, however, admits that he did not have an appointment with Dr. Grewal that day. Pl.'s Dep. at 39:1-12 (stating he was at the clinic for a non-dental appointment). Dr. Grewal, who does not have any recollection of the encounter, explains that it would have been improper for plaintiff to seek medical treatment outside of a

1  medical appointment.  Grewal Decl. ¶¶ 41-42 (explaining that he cannot prescribe treatment or
2  issue chronos for inmates without seeing their medical records and performing an examination).
3  Assuming Dr. Grewal ignored plaintiff's passing request on September 16, 2009, it would not
4  have amounted to deliberate indifference.  At worst, it would demonstrate an isolated incident of
5  neglect, which does not constitute deliberate indifference to a serious medical need.  *See Jett*, 439
6  F.3d at 1096.
7       Moreover, plaintiff admits that it was the DAR Committee, which Dr. Grewal was not
8  part of, that reviewed and denied plaintiff's request for a cell feed chrono in November 2009.
9  Plaintiff asserts in his opposition that Dr. Grewal, and not the DAR, had the "final say" on
10 whether his cell feed chrono should have been renewed.  Pl.'s Opp'n, ECF No. 33 at 6.  However,
11 plaintiff fails to support this assertion with any evidence.
12      After the DAR discontinued plaintiff's cell feed chrono, plaintiff did not see Dr. Grewal
13 for another year and a half, until July 2011.  By this time, the DAR Committee had approved
14 plaintiff's cell feed chrono and at the July 2011 appointment, Dr. Grewal extended plaintiff's cell
15 feed chrono.
16      Plaintiff fails to demonstrate that any genuine dispute precludes summary judgment in
17 favor of Dr. Grewal.
18      Accordingly, IT IS HEREBY RECOMMENDED that defendant's May 13, 2013 motion
19 for summary judgment (ECF No. 30) be granted and the Clerk of the Court be directed to enter
20 judgment and close this case.
21      These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
23 after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
26 objections shall be served and filed within fourteen days after service of the objections.  The
27 parties are advised that failure to file objections within the specified time may waive the right to
28 /////

1  appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
2  v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated: November 6, 2013.

4                                    EDMUND F. BRENNAN
5                                    UNITED STATES MAGISTRATE JUDGE